IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Doreen and Richard Burgess,** | : | |
| | : | |
| Plaintiffs, | : | **CIVIL ACTION** |
| | : | |
| vs. | : | Case No. 14-cv-01727-SD |
| | : | |
| **Dollar Tree Stores, Inc. and** | : | |
| **Randi Freeman** | : | |
| Defendants. | : | |
| | : | |

## DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants Dollar Tree Stores, Inc. and Randi Freeman, by their undersigned attorneys, hereby move this Court for an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing Counts I, III, and IV with prejudice. In support of their motion, Defendants rely on the accompanying Memorandum of Law, the contents of which are incorporated herein by reference.

Respectfully submitted,

*/s/ Julie A. Donahue*
Paul Lancaster Adams (Pa. Id. No. 72222)
Julie A. Donahue (Pa. Id. No. 203347)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2800
pladams@ogletreedeakins.com
julie.donahue@ogletreedeakins.com

Dated: March 31, 2014      Attorneys for Defendants Dollar Tree Stores, Inc. and Randi Freeman

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Doreen and Richard Burgess,** | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| vs. | : | Case No. 14-cv-01727-SD |
| | : | |
| **Dollar Tree Stores, Inc. and** | : | |
| **Randi Freeman** | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Dollar Tree Stores, Inc. and Randi Freeman move for dismissal of Counts I, III and IV of Plaintiffs' Complaint (the "Complaint").

**I.      INTRODUCTION**

Plaintiffs Doreen Burgess ("Ms. Burgess"), a former employee of Dollar Tree Stores, Inc., and Richard Burgess ("Mr. Burgess"), Ms. Burgess' husband, filed a Complaint against Defendants Dollar Tree Stores, Inc. ("Dollar Tree") and Randi Freeman ("Ms. Freeman") alleging that Ms. Burgess was subject to discrimination based on sex and religion and terminated from employment for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.* ("PHRA").  Additionally, Plaintiffs allege a claim for loss of consortium under Pennsylvania common law.  Plaintiffs filed the Complaint in the Court of Common Pleas of Philadelphia County, on or about March 3, 2014, docketed at Philadelphia CCP, March Term, 2014, No. 03326.  Plaintiffs' Complaint was served on Defendants on March 3, 2014.  On March 24, 2014, Defendants timely filed a Notice of Removal of this matter to the United States District

Court for the Eastern District of Pennsylvania. Removal of this matter was perfected by filing a Notice of Filing Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County on March 24, 2014, as provided by 28 U.S.C. §1441.

## II.     STATEMENT OF FACTS[1]

Ms. Burgess alleges that she was hired by Dollar Tree as a cashier on or about December 7, 2010. *See* Compl. at ¶ 4. Later, Ms. Burgess was promoted to assistant manager. *See* Compl. at ¶ 5. Defendant Randi Freeman became Ms. Burgess' supervisor in or about January 2012. *See* Compl. at ¶ 6. Ms. Burgess alleges that Ms. Freeman told her that Ms. Freeman's goal was to transfer and/or replace Ms. Burgess. *See* Compl. at ¶ 7. Ms. Burgess further alleges that Ms. Freeman forbade her from wearing a cross necklace to work. *See* Compl. at ¶ 8(a). Ms. Burgess also alleges that Ms. Freeman touched her hair, remarking that it was "very pretty and soft," and that Ms. Freeman asked Ms. Burgess "if she had ever, or would ever, 'go to the other side.'" *See* Compl. at ¶ 8(b). Ms. Burgess also alleges that Ms. Freeman berated Plaintiff for reporting discrimination to Dollar Tree's corporate hotline, blamed Ms. Burgess for other cashiers' alleged reports of Ms. Freeman's discriminatory conduct, terminated Ms. Burgess' employment, and threatened other employees who allegedly defended Ms. Burgess. *See* Compl. at ¶¶ 8(c)-(e). Ms. Burgess was terminated from employment on or about February 10, 2012. *See* Compl. at ¶ 9.

## III.    LEGAL ARGUMENT

### A.     Standard of Review.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

---

[1] For purposes of the instant Motion to Dismiss only, the facts alleged in Plaintiffs' Complaint, though disputed by Defendants, are deemed true. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  Thus, a Rule 12(b)(6) motion will be granted if the plaintiff has not alleged enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A complaint must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  In *Fowler v. UPMC Shadyside*, the Third Circuit held that after *Iqbal*, district courts should conduct "a two-part analysis" of motions presented under Rule 12(b)(6).  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  First, courts should separate "the factual and legal elements of a claim, so that while the district court must 'accept all of the complaint's well-pleaded facts as true,' it may "disregard any legal conclusions.'"  *Id.*  Second, the court must then determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id.* (citing *Iqbal*, 129 S.Ct. at 1950).  A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

This plausibility standard requires drawing a distinction between merely *alleging* entitlement to relief, which is insufficient, and "show[ing] such an entitlement with its facts," which is what is required under *Iqbal*. *Id*.  Where the facts alleged do not permit the court to infer more than "the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950.  As *Fowler* explains,

this "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 578 F.3d at 211 (quoting *Iqbal*, 129 S.Ct. at 1950).

As set forth below, this Court should grant Defendants' Motion and dismiss Counts I, III, and IV with prejudice.

### B. Plaintiff Fails To State A Prima Facie Case For Hostile Work Environment Under Title VII.

To allege a *prima facie* hostile work environment claim against an employer, a plaintiff must plead facts supporting a reasonable inference that: (1) the employee suffered intentional discrimination because of the plaintiff's sex; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of *respondeat superior* liability." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013). A plaintiff's failure to plead facts sufficient to state a plausible claim for relief merits dismissal of hostile work environment claims. *Holmes v. Gates*, No. 10-2059, 2010 WL 5078004 (3d Cir. Dec. 14, 2010). Here, Ms. Burgess has failed to plead facts sufficient to satisfy the second and fourth elements of a hostile work environment claim.

First, Ms. Burgess' scant factual allegations do not rise to the level of "severe or pervasive" harassment. In determining whether harassment is sufficiently "severe or pervasive" enough to create an illegal hostile work environment, courts examine the totality of the circumstances, and consider such factors as the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998); *see also Weston v. Pennsylvania*, 251 F.3d 420, 426

4

(3d Cir. 2001). The Supreme Court has explained that "offhand comments and isolated incidents (unless extremely serious)" and "complaints attacking the ordinary tribulations of the workplace" are not sufficient to sustain a hostile work environment claim. *Faragher*, 524 U.S. at 788.

In support of her claim of sexual harassment, Ms. Burgess only sets forth two allegations. First, that Ms. Freeman touched Ms. Burgess' hair and remarked that her hair was "very pretty and soft." *See* Compl. at ¶ 8(b). Then, according to Ms. Burgess, Ms. Freeman asked Ms. Burgess if she had ever, or would ever, "go to the other side." *See* Compl. at ¶ 8(b). Ms. Burgess interpreted this comment to mean that Ms. Freeman had a sexual interest in Ms. Burgess. *See* Compl. at ¶ 8(b). Ms. Burgess has not alleged any other instance of sex-based discrimination, or even offensive conduct, at her workplace.

Courts in this judicial circuit have consistently found that isolated and sporadic incidents, even when sexually charged comments are at issue, do not constitute "severe or pervasive" conduct. *See, e.g., Page v. City of Pittsburgh*, No. 03-4153, 114 Fed. Appx. 52, 54 (3d Cir. 2004) (no hostile work environment where the "allegations of discrimination were limited to a series of isolated incidents" all occurring in one month); *King v. City of Phila.*, No. 02-2845, 66 Fed. Appx. 300, 305 (3d Cir. 2003) ("isolated and sporadic incidents" not sufficient to "demonstrate the pervasive atmosphere of harassment required to prove a Title VII violation"); *Drinkwater v. Union Carbide Corp.,* 904 F.2d 853, 863 (3d Cir. 1990) (two incidents of sexually stereotyped discriminatory comments do not constitute pervasive discrimination).

In this case, Ms. Burgess' hostile work environment claim rests on one isolated incident, which does not constitute conduct and/or comments that were frequent, severe, physically threatening or humiliating or that unreasonably interfered with her work performance. Therefore, Ms. Burgess' hostile work environment claims fail on that basis alone. *See, e.g.,*

*Ruddy v. U.S. Postal Service,* No. 11-1906, 455 Fed. Appx. 279, 284 (3d Cir. 2011) (affirming the 12(b)(6) dismissal of a hostile work environment claim because "the conduct alleged was not sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment" (quotations omitted));  *Eldeeb v. Potter*, 675 F. Supp. 2d 521 (E.D. Pa. 2009) (granting a motion to dismiss a hostile work environment claim because the complaint was "devoid of any facts that might indicate the frequency, severity or abuse nature of the harassment to which [the plaintiff] claims to have been subjected").

Moreover, the instances of alleged harassment are neither pervasive nor severe such that they created an *objectively* hostile work environment. Ms. Burgess alleges that, on one occasion, Ms. Freeman asked her if she "had ever, or would ever, 'go to the other side,'" which Ms. Burgess interpreted as an expression of Ms. Freeman's sexual interest in her.  *See* Compl. at ¶ 8(b). At most, Ms. Burgess' allegations show only that she **subjectively** perceived the environment as hostile.  However, Ms. Burgess has failed to plead any facts to support the inference that a reasonable person would perceive the work environment to be hostile and abusive.  *See Perry v. Harvey*, 332 Fed. Appx. 728, 731-32 (3d Cir. 2009) (holding that a supervisor's actions over a ten-month period in allegedly denying plaintiff's leave request, lying to him about a meeting, requesting verification of a drug test, and calling him "boy" were not sufficiently severe and pervasive to detrimentally affect a reasonable person in plaintiff's position).

In light of the applicable legal standard, even under a liberal reading of the Complaint, Ms. Burgess does not set forth "enough facts to state a claim to relief that is plausible." *Twombly*, 550 U.S. at 546.  These blind allegations of hostile work environment are nothing more than bare legal conclusions or an "unadorned, the-defendant-unlawfully-harmed-me

6

accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Because the Complaint fails to set forth sufficient facts to show that Ms. Burgess' claims of hostile work environment are plausible on their face, the claims fail and must be dismissed.

      **C.    Ms. Burgess Fails To Set Forth A Prima Facie Case of Religious Discrimination.**

The Complaint is devoid of allegations to support a religious discrimination claim by Ms. Burgess. To state a *prima facie* claim of religious discrimination pursuant to Title VII and the PHRA, [2] Ms. Burgess must establish the following elements: (1) she is a member of a protected class; (2) she is qualified for the position; (3) she was subjected to an adverse action; and (4) circumstances of the adverse employment action give rise to an inference of discrimination. *Davis v. City of Newark*, 285 Fed. Appx. 899, 903 (3d Cir. 2008). Ms. Burgess fails to state a claim of religious discrimination because she has not pled allegations to satisfy the fourth element.

In support of her religious discrimination claim, Ms. Burgess alleges that Ms. Freeman 1) forbade Ms. Burgess from wearing a cross necklace to work; and 2) stated that the symbol was offensive to her. *See* Compl. at ¶ 8(a). However, Ms. Burgess does not allege that other similarly situated employees who did not hold her religious belief were treated more favorably. *Brown-Eagle v. Cnty. of Erie, Pa.*, Civ. 12-314, 2013 WL 5875085 (W.D. Pa. Oct. 30, 2013) (dismissing religious discrimination claim where plaintiff failed to allege sufficient facts to show that others who did not hold his religious belief were treated more favorably than he). Furthermore, the Complaint contains no factual allegations to support a plausible claim that other circumstances gave rise to an inference that Ms. Burgess' termination was motivated by

---

[2] Pennsylvania courts apply the same standards and analysis to both Title VII and PHRA claims. *See Rideout v. Public Opinion*, No. 1:09-cv-0403, 2011 WL 321104, at *9 (M.D. Pa. Jan. 28, 2011); *Manocchio v. Children's Serv. Ctr. of Wyoming Valley*, No. 3:06-cv-710, at *3 n.2 (M.D. Pa. Feb. 28, 2007).

intentional discrimination based on her religion.  In order to make out a *prima facie* case based on alleged "other circumstances" of discrimination, Ms. Burgess must allege sufficient facts to **"*establish some causal nexus*** between [her] membership in a protected class and the decision" to terminate her.  *Sarullo,* 352 F.3d at 798 (emphasis added).  She has failed to do so.

Merely stating that she has been discriminated against on the basis of religion, without any factual support, is not sufficient to raise Ms. Burgess' right to relief above the speculative level -- as is required by *Twombly*.  Because she has not pled sufficient facts to state a claim for relief, Ms. Burgess' claims for religious discrimination under Title VII must be dismissed.

### D. Mr. Burgess' Claim of Loss of Consortium Fails As A Matter of Law.

Under Pennsylvania law, loss of consortium derives only from the injured spouse's right to recover in tort. *See Little v. Jarvis*, 280 A.2d 617, 620 (Pa. Super. 1971).  It is well settled that there is no right to recover for loss of consortium in connection with a spouse's Title VII or PHRA claims. *See Nerosa v. Storecast Merch. Corp.,* Civ. 02-440, 2002 WL 1998181, *9 (E.D. Pa. Aug. 28, 2002) (dismissing loss of consortium claim where plaintiff asserted only claims under Title VII, ADA, ADEA and the PHRA); *Danas v. Chapman Ford Sales, Inc.*, 120 F. Supp. 2d 478, 489 (E.D. Pa. 2000) (dismissing loss of consortium claim alleged to derive from spouse's ADEA and PHRA claims); *Quitmeyer v. Southeastern Pennsylvania Transportation Authority*, 740 F. Supp. 363, 370 (E.D. Pa. 1990) (holding no spousal recovery for loss of consortium based on violations of other spouse's civil rights). Here, Ms. Burgess asserts only claims for employment discrimination under Title VII and the PHRA.  Accordingly, the loss of consortium claim should be  dismissed with prejudice.

### III.     CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court dismiss with prejudice Counts I, III, and IV of Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

                                      Respectfully submitted,
                                      OGLETREE, DEAKINS, NASH,
                                      SMOAK & STEWART, P.C.

                                      */s/ Julie A. Donahue*
                                      Paul Lancaster Adams (Pa Id. No. 72222)
                                      Julie A. Donahue (Pa. Id. No. 203347)
                                      1735 Market Street, Suite 3000
                                      Philadelphia, PA  19103
                                      (215) 995-2800 (Phone)
                                      (215) 995-2806 (Fax)
                                      pladams@ogletreedeakins.com
                                      julie.donahue@ogletreedeakins.com

Dated:  March 31, 2014                      Attorneys for Defendants

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Doreen and Richard Burgess,** | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION -- LAW |
| | : | |
| vs. | : | Case No. 14-cv-01727-SD |
| | : | |
| **Dollar Tree Stores, Inc. and** | : | *Civil Action* |
| **Randi Freeman** | : | |
| Defendants. | : | |
| | : | |

### CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March 2014, Defendants' Partial Motion to Dismiss Plaintiffs' Complaint, supporting Memorandum of Law, and proposed Order were electronically filed and are available for viewing and downloading from the ECF system. Plaintiffs' counsel has consented to service through the ECF system.

*/s/ Julie A. Donahue*
Julie A. Donahue, Esq.
Attorney for Defendants

17455775.6

10