### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOREEN and RICHARD BURGESS,** | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| vs. | : | Case No. 14-cv-01727-SD |
| | : | |
| **DOLLAR TREE STORES, INC.,** | : | |
| **RANDI FREEMAN, and** | : | |
| **JOHN DOES 1-10** | : | |
| Defendants. | : | |

### DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants Dollar Tree Stores, Inc. and Randi Freeman, by their undersigned attorneys, hereby move this Court for an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing with prejudice all claims asserted by Plaintiff Richard Burgess in the First Amended Complaint (the "Amended Complaint"); Counts I, III and IV asserted by Plaintiff Doreen Burgess as to all defendants; and Counts I and II asserted by Doreen Burgess as to individual defendants. In support of their motion, Defendants rely on the accompanying Memorandum of Law, the contents of which are incorporated herein by reference.

Respectfully submitted,

*/s/ Julie A. Donahue*
Paul Lancaster Adams (Pa. Id. No. 72222)
Julie A. Donahue (Pa. Id. No. 203347)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2800
pladams@ogletreedeakins.com
julie.donahue@ogletreedeakins.com

Dated:  June 3, 2014                                        Attorneys for Defendants Dollar Tree Stores, Inc.
                                                            and Randi Freeman

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOREEN and RICHARD BURGESS,** | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| vs. | : | Case No. 14-cv-01727-SD |
| | : | |
| **DOLLAR TREE STORES, INC.,** | : | |
| **RANDI FREEMAN and,** | : | |
| **JOHN DOES 1-10** | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Dollar Tree Stores, Inc. and Randi Freeman move for dismissal of all claims asserted by Plaintiff Richard Burgess in the First Amended Complaint (the "Amended Complaint"); Counts I, III and IV asserted by Plaintiff Doreen Burgess as to all defendants; and Counts I and II asserted by Doreen Burgess as to individual defendants.

**I.   INTRODUCTION**

Plaintiffs Doreen Burgess ("Ms. Burgess"), a former employee of Dollar Tree Stores, Inc., and her husband Richard Burgess ("Mr. Burgess"), filed a Complaint against Defendants Dollar Tree Stores, Inc. ("Dollar Tree") and Randi Freeman ("Ms. Freeman") (collectively "Defendants"), which was properly removed to this Court on or about March 24, 2014. On March 31, 2014, Defendants filed a Partial Motion to Dismiss Counts I, III, and IV of Plaintiffs' Complaint for failure to state a claim upon which relief could be granted. On May 6, 2014, Plaintiffs filed the First Amended Complaint ("Amended Complaint") against Dollar Tree, Ms. Freeman, as well as fictitious parties of John Does 1-10. As with the original complaint, Plaintiffs' Amended Complaint alleges that Ms. Burgess was subject to discrimination based on

sex and religion and terminated from employment for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.* ("PHRA"). Additionally, Plaintiffs allege a claim for loss of consortium under Pennsylvania common law.

Plaintiffs' amended pleading, however, does nothing to address the deficiencies in the Title VII claims, which were raised by Defendants in their initial Motion to Dismiss. Plaintiffs once again have failed to set forth sufficient factual allegations to show that Ms. Burgess was subjected to harassment based on sex or discrimination based on religion. Moreover, Plaintiffs now attempt to assert Title VII claims against individual defendants even though Title VII does not provide for individual liability. Finally, Plaintiffs have made absolutely no attempt to correct the defects in their claim for loss of consortium.

## II.     STATEMENT OF FACTS[1]

Ms. Burgess alleges that she was hired by Dollar Tree as a cashier on or about December 7, 2010. *See* Am. Compl. at ¶ 7. Later, Ms. Burgess was promoted to assistant manager. *See* Am. Compl. at ¶ 8. Defendant Randi Freeman became Ms. Burgess' supervisor in or about January 2012. *See* Am. Compl. at ¶ 9. Ms. Burgess alleges that Ms. Freeman told her that Ms. Freeman's goal was to transfer and/or replace Ms. Burgess. *See* Am. Compl. at ¶ 10. According to Ms. Burgess, Ms. Freeman also told her and other Dollar Tree employees that she wanted the store to run her "way" and that any employee who did not follow her directives would be transferred. *See* Am. Compl. at ¶ 11.

Ms. Burgess further alleges that Ms. Freeman refused to sell "testimonial gum" because she was Jewish and did not think such religious items should be sold in the store. *See* Am.

---

[1] For purposes of the instant Motion to Dismiss only, the facts alleged in Plaintiffs' Amended Complaint, though disputed by Defendants, are deemed true. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Compl. at ¶ 12.  Ms. Freeman also allegedly told Ms. Burgess that if she saw Ms. Burgess' cross necklace at work again she would rip it off Ms. Burgess' neck because the cross violated Ms. Freeman's religious beliefs.  *See* Am. Compl. at ¶ 20.

Ms. Burgess also alleges that on one occasion, Ms. Freeman touched her hair, remarking that it was "very pretty and soft," and a few minutes later asked Ms. Burgess "if she had ever, or would ever, 'go to the other side.'"  *See* Am. Compl. at ¶¶ 13-14.  Ms. Burgess also alleges that Ms. Freeman retaliated against her for reporting discrimination and harassment to Dollar Tree's corporate hotline by telling Ms. Burgess she wanted to transfer her; firing another Dollar Tree employee; cutting Ms. Burgess' work hours; and ultimately "set[ting] her up in order to get her fired."  *See* Am. Compl. at ¶¶ 18, 23, 25, 38.  Ms. Burgess was terminated from employment on or about February 10, 2012.  *See* Am. Compl. at ¶¶ 32, 39.

### III.   LEGAL ARGUMENT

#### A.   Standard of Review.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.  Thus, a Rule 12(b)(6) motion will be granted if the plaintiff has not alleged enough facts "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

A complaint must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S.Ct. at 1949.  In *Fowler v. UPMC Shadyside*, the Third Circuit held that after *Iqbal*, district courts should conduct "a two-part analysis" of motions presented under Rule 12(b)(6).  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  First, courts

3

should separate "the factual and legal elements of a claim, so that while the district court must 'accept all of the complaint's well-pleaded facts as true,' it may "disregard any legal conclusions."" *Id.* Second, the court must then determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* (citing *Iqbal*, 129 S.Ct. at 1950). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

This plausibility standard requires drawing a distinction between merely *alleging* entitlement to relief, which is insufficient, and "show[ing] such an entitlement with its facts," which is what is required under *Iqbal*. *Id*. Where the facts alleged do not permit the court to infer more than "the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950. As *Fowler* explains, this "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 578 F.3d at 211 (quoting *Iqbal*, 129 S.Ct. at 1950).

As set forth below, this Court should grant Defendants' Motion and dismiss Counts I, III, and IV with prejudice as to all defendants and dismiss Counts I and II as to individual defendants.

    **B.**     <u>**Any Claims Brought by Mr. Burgess Pursuant to Title VII and/or the PHRA in Counts I, II, and III Should Be Dismissed Because He Lacks Standing.**</u>

Plaintiffs' inartfully pled Amended Complaint makes no distinction between claims brought by Ms. Burgess and/or her husband, Richard Burgess. In Counts I, II, and III, Plaintiffs

4

allege that "Plaintiff" suffered discrimination, was retaliated against, and suffered harm in violation of Title VII and the PHRA.  *See* Am. Compl. at ¶¶ 46, 50, 55.  However, Plaintiffs fail to specify which "Plaintiff" brings the claims in Counts I, II, and III.  To the extent Mr. Burgess purports to bring claims pursuant to Title VII or the PHRA, such claims must be dismissed because he lacks standing.

In order to have standing to sue, a plaintiff must demonstrate the following Article III jurisdictional requirements:

> First, the plaintiff must have suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical." ' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.

*Fancaster, Inc. v. Comcast Corp.*, No. 08-2922 (DRD), 2012 WL 815124, at *5 (D.N.J. Mar. 9, 2012) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, (1992).  Article III standing requires an "injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Reilly v. Ceridian Corp.*, 664 F.3d 38, 41-42 (3d Cir. 2011) (quoting *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 290–291 (3d Cir. 2005)).  To satisfy the injury-in-fact requirement grounded in Article III, the allegations "must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself that is 'distinct and palpable,' as distinguished from merely 'abstract,' and the alleged harm must be actual or imminent, not 'conjectural' or 'hypothetical.'" *Whitmore v. Arkansas,* 495 U.S. at 155, 110 S.Ct. 1717 (1990) (internal citations omitted).

Here, even if all allegations in Counts I, II, and III of the Amended Complaint are accepted as true, Plaintiff Richard Burgess has not, and cannot, establish that he has suffered any violation of Title VII or the PHRA. Dollar Tree cannot be liable to Mr. Burgess for employment discrimination under Title VII or the PHRA unless it was Mr. Burgess' employer. *Eldeeb v. AlliedBarton Sec. Servs., L.L.C.*, No. 07-669, 2008 WL 4083540, at *10 (E.D. Pa. Aug. 28, 2008) ("The threshold question in considering liability under a Title VII analysis is whether the defendant is the plaintiff's employer.") (citations omitted). *See also Lewis v. Vollmer of Am.*, No. 05-1632, 2008 WL 355607, at *2 (W.D. Pa. Feb. 7, 2008) ("It is undisputed that under Title VII, the ADEA and the PHRA only employers may be held liable for acts of discrimination."); *Wimberly v. Severn Trent Services, Inc.*, No. 05-2713, 2006 WL 2468641, at *3 (E.D. Pa. Aug. 22, 2006) (dismissing Title VII and PHRA claims against a defendant because it was not the plaintiff's employer). As such, Mr. Burgess fails to state a claim against Dollar Tree under Title VII and the PHRA. Accordingly, any claims brought by Plaintiff Richard Burgess in Counts I, II, and III must be dismissed with prejudice.

### C. Ms. Burgess Fails To State A Prima Facie Case in Counts I and III For Hostile Work Environment Under Title VII And The PHRA.[2]

Ms. Burgess refers to Ms. Freeman's conduct as "sexual harassment" (*see* Am. Compl. at ¶¶ 10, 16) and thus appears to allege a claim for hostile work environment based on sex in Counts I and III of the Amended Complaint.[3] To allege a *prima facie* hostile work environment claim against an employer, a plaintiff must plead facts supporting a reasonable inference that: (1) the employee suffered intentional discrimination because of the plaintiff's sex; (2) the

---

[2] Pennsylvania courts apply the same standards and analysis to both Title VII and PHRA claims. *See Rideout v. Public Opinion*, No. 1:09-cv-0403, 2011 WL 321104, at *9 (M.D. Pa. Jan. 28, 2011); *Manocchio v. Children's Serv. Ctr. of Wyoming Valley*, No. 3:06-cv-710, at *3 n.2 (M.D. Pa. Feb. 28, 2007).

[3] In Count I, Plaintiff also alleges that "Defendants discriminated against Plaintiff based on . . . sexual orientation." Plaintiff's claim of discrimination based on sexual orientation must be dismissed because such a claim is not cognizable under Title VII. *See Prowel v. Wise Business Forms, Inc.*, 579 F.3d 285, 290–91 (3d Cir. 2009) (citations omitted); *Bibby v. Philadelphia Coca Cola Bottling Co.*, 260 F.3d 257, 261 (3d Cir. 2001).

discrimination was severe or pervasive; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of *respondeat superior* liability." *Mandel v. M & Q Packaging Corp.,* 706 F.3d 157, 167 (3d Cir. 2013).  A plaintiff's failure to plead facts sufficient to state a plausible claim for relief merits dismissal of hostile work environment claims. *Holmes v. Gates*, No. 10-2059, 2010 WL 5078004 (3d Cir. Dec. 14, 2010).  Here, Ms. Burgess again has failed to plead facts sufficient to satisfy the second and fourth elements of a hostile work environment claim.

Although the Amended Complaint sets forth approximately 28 additional paragraphs of "operative facts," Ms. Burgess still fails to plead sufficient factual allegations to rise to the level of "severe or pervasive" harassment.  In determining whether harassment is sufficiently "severe or pervasive" enough to create an illegal hostile work environment, courts examine the totality of the circumstances, and consider such factors as the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998); *see also Weston v. Pennsylvania*, 251 F.3d 420, 426 (3d Cir. 2001).  The Supreme Court has explained that "offhand comments and isolated incidents (unless extremely serious)" and "complaints attacking the ordinary tribulations of the workplace" are not sufficient to sustain a hostile work environment claim. *Faragher*, 524 U.S. at 788.

In support of her claim of sexual harassment, Ms. Burgess sets forth the same two allegations as in her initial pleading.  First, that on one occasion Ms. Freeman touched Ms. Burgess' hair and remarked that her hair was "very pretty and soft." *See* Am. Compl. at ¶ 13.  Minutes later, Ms. Freeman allegedly asked Ms. Burgess if she had ever, or would ever, "go to

7

the other side." *See* Am. Compl. at ¶ 14.  Ms. Burgess interpreted this comment to mean that Ms. Freeman had a sexual interest in Ms. Burgess after she learned that Ms. Freeman was a lesbian.  *See* Am. Compl. at ¶ 14.  Ms. Burgess has not alleged any other instance of sex-based discrimination, or even offensive sexual conduct, at her workplace.

Courts in this judicial circuit have consistently found that isolated and sporadic incidents, even when sexually charged comments are at issue, do not constitute "severe or pervasive" conduct.  *See, e.g., Page v. City of Pittsburgh*, No. 03-4153, 114 Fed. Appx. 52, 54 (3d Cir. 2004) (no hostile work environment where the "allegations of discrimination were limited to a series of isolated incidents" all occurring in one month); *King v. City of Phila.*, No. 02-2845, 66 Fed. Appx. 300, 305 (3d Cir. 2003) ("isolated and sporadic incidents" not sufficient to "demonstrate the pervasive atmosphere of harassment required to prove a Title VII violation"); *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853, 863 (3d Cir. 1990) (two incidents of sexually stereotyped discriminatory comments do not constitute pervasive discrimination).

In this case, Ms. Burgess' hostile work environment claim rests on one isolated incident, which does not constitute conduct and/or comments that were frequent, severe, physically threatening or humiliating or that unreasonably interfered with her work performance.  Therefore, Ms. Burgess' hostile work environment claims fail on that basis alone.  *See, e.g., Ruddy v. U.S. Postal Service,* No. 11-1906, 455 Fed. Appx. 279, 284 (3d Cir. 2011) (affirming the 12(b)(6) dismissal of a hostile work environment claim because "the conduct alleged was not sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment" (quotations omitted));  *Eldeeb v. Potter*, 675 F. Supp. 2d 521 (E.D. Pa. 2009) (granting a motion to dismiss a hostile work environment claim because the

complaint was "devoid of any facts that might indicate the frequency, severity or abuse nature of the harassment to which [the plaintiff] claims to have been subjected").

Moreover, the instances of alleged harassment are neither pervasive nor severe such that they created an *objectively* hostile work environment. Here, Ms. Burgess relies entirely on one alleged incident in which Ms. Freeman touched her hair and then asked if she "had ever, or would ever, 'go to the other side,'" which Ms. Burgess **interpreted** as an expression of Ms. Freeman's sexual interest in her. *See* Am. Compl. at ¶¶ 13-14. At most, Ms. Burgess' allegations show only that she *subjectively* perceived the environment as hostile. However, Ms. Burgess has failed to plead any facts to support the inference that a reasonable person would perceive the work environment to be hostile and abusive. *See Perry v. Harvey*, 332 Fed. Appx. 728, 731-32 (3d Cir. 2009) (holding that a supervisor's actions over a ten-month period in allegedly denying plaintiff's leave request, lying to him about a meeting, requesting verification of a drug test, and calling him "boy" were not sufficiently severe and pervasive to detrimentally affect a reasonable person in plaintiff's position).

In light of the applicable legal standard, even under a liberal reading of the Amended Complaint, Ms. Burgess does not set forth "enough facts to state a claim to relief that is plausible." *Twombly*, 550 U.S. at 546. These blind allegations of hostile work environment are nothing more than bare legal conclusions or an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Because the Amended Complaint fails to set forth sufficient facts to show that Ms. Burgess' claims of hostile work environment are plausible on their face, the claims fail and must be dismissed.

> **D. Ms. Burgess Fails To Set Forth A Prima Facie Case of Religious Discrimination in Counts I and III.**

Ms. Burgess has made no attempt to cure the defects in the religious discrimination claim

9

in Counts I and III, namely, that the Amended Complaint is devoid of sufficient allegations of circumstances giving rise to an inference of discrimination based on religion. To state a *prima facie* claim of religious discrimination pursuant to Title VII and the PHRA, Ms. Burgess must establish the following elements: (1) she is a member of a protected class, (2) she was qualified for her position and suffered an adverse employment action, and (3) nonmembers of the protected class were treated more favorably. *See Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 281-2 (3d Cir. 2001). Ms. Burgess fails to state a claim of religious discrimination because she has not pled allegations to satisfy the third element.

In support of her religious discrimination claim, Ms. Burgess alleges that Ms. Freeman 1) refused to sell "testimonial gum;" 2) told Ms. Burgess that if she saw Ms. Burgess' cross necklace again she would rip it off; and 3) stated that the cross violated her religious beliefs. *See* Am. Compl. at ¶¶ 12, 20. However, Ms. Burgess does not allege that other similarly situated employees who did not hold her religious belief were treated more favorably. *See Hassan v. Nw. Human Servs.*, Civ A 06-3711, 2007 WL 510065 (E.D. Pa. Feb. 13, 2007) (finding that plaintiff failed to set forth the third element of a *prima facie* case of religious discrimination where plaintiff failed to allege that non-Muslim employees where treated more favorably than he); *Brown-Eagle v. Cnty. of Erie, Pa.*, Civ. 12-314, 2013 WL 5875085 (W.D. Pa. Oct. 30, 2013) (dismissing religious discrimination claim where plaintiff failed to allege sufficient facts to show that others who did not hold his religious belief were treated more favorably than he).

Moreover, the Amended Complaint fails to set forth any facts to support a plausible claim that other circumstances gave rise to an inference that Ms. Burgess' termination, or any other action taken by Dollar Tree, was motivated by intentional discrimination based on her religion. In order to make out a *prima facie* case based on alleged "other circumstances" of

10

discrimination, Ms. Burgess must allege sufficient facts to **"*establish some causal nexus*** between [her] membership in a protected class and the decision" to terminate her.  *Sarullo,* 352 F.3d at 798 (emphasis added).  She has failed to do so.  Ms. Burgess alleges that she was threatened with a transfer, had her hours cut, and was ultimately terminated from employment.  However, Ms. Burgess repeatedly attributes these actions to retaliation for the complaints she made of harassment and discrimination, not to her religious beliefs. *See, e.g.,* Am. Compl. at ¶¶ 18, 25.  Simply put, Ms. Burgess alleges no facts to link any alleged adverse action to her religious beliefs.

Merely stating that she has been discriminated against on the basis of religion, without any factual support, is not sufficient to raise Ms. Burgess' right to relief above the speculative level -- as is required by *Twombly*.  Because she has not pled sufficient facts to state a claim for relief, Ms. Burgess' claims for religious discrimination under Title VII must be dismissed.

> **E.     Plaintiffs' Claims Against Individual Defendants in Counts I and II Must Be Dismissed Because There is No Individual Liability Under Title VII.**

The substantive allegations of Counts I and II allege violations of Title VII by *Defendants*.  *See* Am. Compl. at ¶¶ 46-48; 50-52.  As such, the Amended Complaint contains allegations against individuals for discrimination (Count I) and retaliation (Count II) under Title VII.  However, it is well established that individuals are not liable under Title VII for discrimination or retaliation.  In *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061 (3d Cir. 1996) (*en banc*), *cert. denied*, 521 U.S. 1129 (1997), the Court of Appeals concluded that "Congress did not intend to hold individual employees liable under Title VII," *Id.* at 1078, and affirmed the district court's dismissal of sex discrimination and retaliation claims against the plaintiff's supervisor.  The same result was reached in *Kachmar v. Sungard Data Sys., Inc.*, 109 F.3d 173, 184 (3d Cir. 1997) (citing *Sheridan*, *supra* and dismissing Title VII retaliatory

discharge and discrimination claims against individual defendants). *See also Dici v. Commonwealth*, 91 F.3d 542, 552 (3d Cir. 1996) (dismissing Title VII claims against individual defendants).

Because Title VII does not permit individual liability, such claims against individual defendants fail as a matter of law. Accordingly, Counts I and II against individual defendants should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4]

### F. Mr. Burgess' Claim of Loss of Consortium in Count IV Fails As A Matter of Law.

In the Amended Complaint, Plaintiffs have not set forth any factual allegations to cure the deficiencies in their loss of consortium claim in Count IV.[5] Under Pennsylvania law, loss of consortium derives only from the injured spouse's right to recover in tort. *See Little v. Jarvis*, 280 A.2d 617, 620 (Pa. Super. 1971). It is well settled that there is no right to recover for loss of consortium in connection with a spouse's Title VII or PHRA claims. *See Nerosa v. Storecast Merch. Corp.,* Civ. 02-440, 2002 WL 1998181, *9 (E.D. Pa. Aug. 28, 2002) (dismissing loss of consortium claim where plaintiff asserted only claims under Title VII, ADA, ADEA and the PHRA); *Danas v. Chapman Ford Sales, Inc.*, 120 F. Supp. 2d 478, 489 (E.D. Pa. 2000) (dismissing loss of consortium claim alleged to derive from spouse's ADEA and PHRA claims); *Quitmeyer v. Southeastern Pennsylvania Transportation Authority*, 740 F. Supp. 363, 370 (E.D. Pa. 1990) (holding no spousal recovery for loss of consortium based on violations of other

---

[4] Plaintiffs purport to assert claims against "John Does 1-10", whom Plaintiffs claim are "currently unknown." *See* Pl.'s Compl. ¶ 6. Yet, Plaintiffs appear to identify at least three of the purported "John Does" in the body of the First Amended Complaint. *See* Am. Compl. ¶17 ("Defendant, John Doe, Harry Mackley"); ¶32 ("Defendants, John Does, Scott Reese and Jerry Youko"). Plaintiffs use of fictitious parties in this instance is improper.

[5] As in the Title VII and PHRA claims, Plaintiffs Amended Complaint fails to specify which Plaintiff brings a claim for loss of consortium in Count IV. To the extent Ms. Burgess purports to bring a loss of consortium claim, her claim fails. Under Pennsylvania law, a loss of consortium claim is a derivative claim based on other tort claims and belongs solely to the ***spouse*** of the injured party. *See Manzitti v. Amsler*, 379 Pa.Super. 454, 550 A.2d 537, 540 (1988) ("a loss of consortium claim is derivative since it arises from the impact of one spouse's physical injuries upon the other spouse's marital privileges and amenities.")

spouse's civil rights). Here, Ms. Burgess asserts only claims for employment discrimination under Title VII and the PHRA. Accordingly, the loss of consortium claim should be dismissed with prejudice.

### III. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court dismiss with prejudice all claims asserted by Plaintiff Richard Burgess and Counts I, III, and IV as asserted by Plaintiff Doreen Burgess as to all defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants further request that this Court dismiss with prejudice Count II of Plaintiff's First Amended Complaint as to individual defendants.

    Respectfully submitted,
    OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.

    */s/ Julie A. Donahue*
    Paul Lancaster Adams (Pa Id. No. 72222)
    Julie A. Donahue (Pa. Id. No. 203347)
    1735 Market Street, Suite 3000
    Philadelphia, PA  19103
    (215) 995-2800 (Phone)
    (215) 995-2806 (Fax)
    pladams@ogletreedeakins.com
    julie.donahue@ogletreedeakins.com

Dated:  June 3, 2014    Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DOREEN and RICHARD BURGESS,** : | |
| : | |
| **Plaintiffs,** : | |
| : | **Case No. 14-cv-01727-SD** |
| **vs.** : | |
| : | |
| **DOLLAR TREE STORES, INC. and** : | |
| **RANDI FREEMAN** : | |
| **Defendants.** : | |
| : | |

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June 2014, Defendants' Partial Motion to Dismiss Plaintiffs' First Amended Complaint, supporting Memorandum of Law, and proposed Order were electronically filed and are available for viewing and downloading from the ECF system. Plaintiffs' counsel has consented to service through the ECF system.


*/s/ Julie A. Donahue*
Julie A. Donahue, Esq.
Attorney for Defendants

18055710.2